UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT CASTIGLIA,                    )
                                     )
            Petitioner,              )
                                     )
        vs.                          )        No. 4:06-CV-774 (CEJ)
                                     )
ALAN BLAKE,                          )
                                     )
            Respondent.              )

## MEMORANDUM & ORDER

This matter is before the Court on petitioner's motion [#7]
for reconsideration.  Petitioner seeks reconsideration of the order
dated June 6, 2006, dismissing without prejudice his petition for
a writ of habeas corpus for failure to exhaust available state
remedies.

"Motions for reconsideration serve a limited function: to
correct manifest errors of law or fact or to present newly
discovered evidence."  Hagerman v. Yukon Energy Corp., 839 F.2d
407, 414 (8th Cir. 1988).  The motion "cannot be used to introduce
new evidence, tender new legal theories, or raise arguments which
could have been offered or raised prior to entry of judgment."
Innovative Home Health Care v. P.T.-O.T. Associates, 141 F.3d 1284,
1286 (8th Cir. 1998) (citations omitted).  "A district court has
broad discretion in determining whether to grant a motion to alter
or amend judgment."  Hagerman, 839 F.2d at 413.

In the instant case, petitioner argues that he made an effort
to exhaust his state remedies but was prevented from doing so.
Specifically, petitioner states that the prison will not provide

him a certified copy of his inmate account which is a prerequisite to initiating proceedings in the Nineteenth Judicial Circuit Court of Missouri. Thus, petitioner asserts that he is effectively barred from seeking relief in the state court and therefore has exhausted his state remedies.

While petitioner's arguments may come within the "futility" exception to the exhaustion requirement, they come too late. Evidence that petitioner was unable to obtain the certified copy necessary to file a state court action was readily available to him prior to filing the federal action. "[A] motion for reconsideration should not be used as a vehicle to introduce new evidence that could have been adduced during pendency of the previous motion." Anthony v. Runyon, 76 F.3d 210, 215 (8th Cir. 1996)(internal citations omitted). Petitioner was aware of the requirement that he first exhaust his state remedies, as he mentions that requirement in his petition for habeas corpus relief. Petitioner should have, at that time, raised his concern that he was in effect barred from doing so by MSOTC's policies.

Further, an examination of the documents provided by petitioner show that petitioner in fact did not attempt to exhaust his state remedies prior to filing his federal petition. While it might be true that petitioner may have difficulties exhausting his state remedies, he had not even tried prior to submitting his federal petition. Further, there is no evidence that petitioner knew at any time prior to filing this action that attempting to file in state court would be futile.

Had petitioner raised these arguments in his original petition he may have been able to jump the "exhaustion hurdle". The reason petitioner did not do so is because he had not yet even tried. The dismissal of his petition was not in error.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion [#7] for reconsideration is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2006.